ORIGINAL

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiff
   CRAIG YATES, an individual
6

**FILED**

AUG 1 4 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EDL

7                    **UNITED STATES DISTRICT COURT**

8                    **NORTHERN DISTRICT OF CALIFORNIA**

9

10  CRAIG YATES, an individual,              )   **CV 09      3738**
                                             )   **CASE NO.**
11        Plaintiff,                         )   **Civil Rights**
                                             )
12  v.                                       )   **COMPLAINT FOR INJUNCTIVE RELIEF**
                                             )   **AND DAMAGES:**
13                                           )
                                             )   **1st CAUSE OF ACTION:** For Denial of Access
14  SWENSEN'S OF SAN FRANCISCO, INC.,)       by a Public Accommodation in Violation of the
    a California Corporation dba SWENSEN'S; ) Americans with Disabilities Act of 1990 (42
15  MARTY E. CHUNG; BETTY S. CHUNG; )        U.S.C. §12101, *et seq.*)
    ROBERT K. ONG; and CLAIRE A. ONG,  )
16                                           )   **2nd CAUSE OF ACTION:** For Denial of Full
          Defendants.                        )   and Equal Access in Violation of California
17  _____)   Civil Code §§54, 54.1 and 54.3

18                                               **3rd CAUSE OF ACTION:** For Denial of
                                                 Accessible Sanitary Facilities in Violation of
19                                               California Health & Safety Code §19955, *et seq.*

20                                               **4th CAUSE OF ACTION:** For Denial of
                                                 Access to Full and Equal Accommodations,
21                                               Advantages, Facilities, Privileges and/or
                                                 Services in Violation of California Civil Code
22                                               §51, *et seq.* (The Unruh Civil Rights Act)

23

24                                               **DEMAND FOR JURY**

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1  Plaintiff CRAIG YATES, an individual, complains of defendants SWENSEN'S OF SAN

2 FRANCISCO, INC., a California Corporation dba SWENSEN'S; MARTY E. CHUNG; BETTY

3 S. CHUNG; ROBERT K. ONG; and CLAIRE A. ONG and alleges as follows:

4 **INTRODUCTION:**

5  1.  This is a civil rights action for discrimination against persons with physical

6 disabilities, of which class plaintiff CRAIG YATES and the disability community are members,

7 for failure to remove architectural barriers structural in nature at defendants' SWENSEN'S, a

8 place of public accommodation, thereby discriminatorily denying plaintiff and the class of other

9 similarly situated persons with physical disabilities access to, the full and equal enjoyment of,

10 opportunity to participate in, and benefit from, the goods, facilities, services, and

11 accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the

12 Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

13 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

14  2.  Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

15 May 5, 2009, May 27, 2009 and July 24, 2009, was an invitee, guest, patron, customer at

16 defendants' SWENSEN'S, in the City of San Francisco, California. At said time and place,

17 defendants failed to provide proper legal access to the ice cream parlor, which is a "public

18 accommodation" and/or a "public facility" including, but not limited to the entrance. Further,

19 defendants failed to provide alternative accommodations, methods and means to ensure plaintiff

20 CRAIG YATES and other disabled persons could summons assistance and equally participate in

21 the selection of food and services. The denial of access was in violation of both federal and

22 California legal requirements, and plaintiff CRAIG YATES suffered violation of his civil rights

23 to full and equal access, and was embarrassed and humiliated.

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 **JURISDICTION AND VENUE:**

2     3.    **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C.

3 §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

4 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

5 nucleus of operative facts and arising out of the same transactions, are also brought under parallel

6 California law, whose goals are closely tied with the ADA, including but not limited to violations

7 of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

8 *seq.*, including §19959; Title 24 California Building Standards Code.

9     4.    **Venue:** Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

10 founded on the facts that the real property which is the subject of this action is located at/near

11 1999 Hyde, in the City and County of San Francisco, State of California, and that plaintiffs'

12 causes of action arose in this county.

13 **PARTIES:**

14     5.    Plaintiff CRAIG YATES is a "physically handicapped person," a "physically

15 disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

16 disabled", "physically handicapped" and "person with physical disabilities" are used

17 interchangeably, as these words have similar or identical common usage and legal meaning, but

18 the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

19 handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other

20 statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff

21 CRAIG YATES is a "person with physical disabilities", as defined by all applicable California

22 and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a

23 wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that

24 portion of the public whose rights are protected by the provisions of Health & Safety Code

25 §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped

26 Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the

27 Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.

28 §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    6.    Defendants SWENSEN'S OF SAN FRANCISCO, INC., a California Corporation
2  dba SWENSEN'S;  MARTY E. CHUNG; BETTY S. CHUNG; ROBERT K. ONG; and
3  CLAIRE A. ONG  (hereinafter alternatively collectively referred to as "defendants") are the
4  owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of
5  the public accommodation known as SWENSEN'S, located at/near 1999 Hyde Street, San
6  Francisco, California, or of the building and/or buildings which constitute said public
7  accommodation.

8    7.    At all times relevant to this complaint, defendants SWENSEN'S OF SAN
9  FRANCISCO, INC., a California Corporation dba SWENSEN'S;  MARTY E. CHUNG; BETTY
10  S. CHUNG; ROBERT K. ONG; and CLAIRE A. ONG , own and operate in joint venture the
11  subject SWENSEN'S as a public accommodation.  This business is open to the general public
12  and conducts business therein.  The business is a "public accommodation" or "public facility"
13  subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety
14  code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

15    8.    At all times relevant to this complaint, defendants SWENSEN'S OF SAN
16  FRANCISCO, INC., a California Corporation dba SWENSEN'S;  MARTY E. CHUNG; BETTY
17  S. CHUNG; ROBERT K. ONG; and CLAIRE A. ONG  are jointly and severally responsible to
18  identify and remove architectural barriers at the subject SWENSEN'S pursuant to Code of
19  Federal Regulations title 28, section 36.201(b), which states in pertinent part:

20         **§ 36.201     General**

21             (b) *Landlord and tenant responsibilities.* Both the landlord
             who owns the building that houses a place of public
22             accommodation and the tenant who owns or operates the place of
             public accommodation are public accommodations subject to the
23             requirements of this part.  As between the parties, allocation of
             responsibility for complying with the obligations of this part may
24             be determined by lease or other contract.

25             28 CFR §36.201(b)

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1 **PRELIMINARY FACTUAL ALLEGATIONS:**

2     9.     The SWENSEN'S, is an ice cream parlor, located at/near 1999 Hyde Street, San
3 Francisco, California. The SWENSEN'S, its entrance and its other facilities are each a "place of
4 public accommodation or facility" subject to the barrier removal requirements of the Americans
5 with Disabilities Act. On information and belief, each such facility has, since July 1, 1970,
6 undergone "alterations, structural repairs and additions," each of which has subjected the ice
7 cream parlor and each of its facilities, its entrance to disability access requirements per the
8 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the
9 California Code of regulations (Title 24).

10     10.     On or about February 21, 2002, defendants' and each of them, transferred
11 the deed between and amongst themselves and/or took possessory control of the premises now
12 known as SWENSEN'S. At all times prior thereto, defendants' and each of them, were aware of
13 their obligation prior to the close of escrow, or upon taking possessory interest that public
14 accommodations had a duty to identify and remove architectural barriers and were aware that
15 SWENSEN'S was not accessible to the disabled. Nevertheless, defendants' and each of them,
16 operated SWENSEN'S as though it was accessible.

17     11.     At all times stated herein, defendants' and each of them, with the knowledge that
18 each of them had a continuing obligation to identify and remove architectural barriers where it
19 was readily achievable to do so, failed to adopt a transition plan to provide better and/or
20 compliant access to the subject accommodation.

21     12.     At all times referred to herein and continuing to the present time, defendants, and
22 each of them, advertised, publicized and held out the SWENSEN'S as being handicapped
23 accessible and handicapped usable.

24     13.     On or about May 5, 2009, May 27, 2009 and July 24, 2009, plaintiff CRAIG
25 YATES was an invitee and guest at the subject SWENSEN'S, for purposes of purchasing ice
26 cream.

27 ///

28 ///

1    14.    On or about May 5, 2009, May 27, 2009 and July 24, 2009, plaintiff CRAIG
2  YATES could not independently access SWENSEN'S.

3    15.    On or about May 5, 2009, May 27, 2009 and July 24, 2009, plaintiff CRAIG
4  YATES could only secure the goods of defendants' if he summoned assistance from employees
5  at SWENSEN'S by: yelling from the public sidewalk; using his cell phone; waving with one
6  hand; or asking a patron to assist him.

7    16.    On or about May 5, 2009, May 27, 2009 and July 24, 2009, plaintiff CRAIG
8  YATES was denied the same goods and services made available to ambulatory parties, because
9  defendants' failed to provide any accommodation to allow plaintiff CRAIG YATES to summon
10  service, review ice cream and goods selections, and make a purchase from the public sidewalk.
11  This is assuming that no method of providing access into SWENSEN'S was readily achievable.

12    17.    On or about May 29, 2009, plaintiff CRAIG YATES wrote the owner of the
13  building and the operator of SWENSEN'S about the access problems. Plaintiff CRAIG YATES
14  informed them to provide a portable ramp, buzzer and signage. Plaintiff CRAIG YATES
15  provided the phone number for Prairie Industries from which to purchase a ramp for less than
16  two hundred dollars ($200.00). Plaintiff CRAIG YATES never received a response.

17    18.    During one visit to SWENSEN'S, plaintiff CRAIG YATES told "Kelly" at
18  SWENSEN'S that a portable ramp would be helpful. She replied, she would tell the owner.

19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

19.   Therefore, at said times and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject SWENSEN'S which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

a.   lack of directional signage to show accessible routes of travel, i.e., entrances;

b.   lack of an accessible entrance due to a three to four inch (3" to 4") cement landing;

c.   lack of any system to summon the assistance of employees of SWENSEN'S;

d.   lack of any means to determine what goods and services are available at SWENSEN'S;

e.   lack of any reasonable accommodations if the purchase of a portable ramp was not readily achievable; and

f.   On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

20.   At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

21.   On or about May 29, 2009, defendant(s) were sent two (2) letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances. Plaintiff CRAIG YATES never received a response. Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

///

///

///

1    22.    As a legal result of defendants SWENSEN'S OF SAN FRANCISCO, INC., a
2 California Corporation dba SWENSEN'S; MARTY E. CHUNG; BETTY S. CHUNG; ROBERT
3 K. ONG; and CLAIRE A. ONG's failure to act as a reasonable and prudent public
4 accommodation in identifying, removing or creating architectural barriers, policies, practices and
5 procedures that denied access to plaintiffs and other persons with disabilities, plaintiff suffered the
6 damages as alleged herein.

7    23.    As a further legal result of the actions and failure to act of defendants, and as a
8 legal result of the failure to provide proper handicapped-accessible public facilities as set forth
9 herein, plaintiff was denied his civil rights to full and equal access to public facilities.

10    24.    Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,
11 mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
12 embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
13 person with physical disabilities being denied access, all to his damages as prayed hereinafter in
14 an amount within the jurisdiction of this court. No claim is being made for mental and emotional
15 distress over and above that usually associated with the discrimination and physical injuries
16 claimed, and no expert testimony regarding this usual mental and emotional distress will be
17 presented at trial in support of the claim for damages.

18    25.    Defendants', and each of their, failure to remove the architectural barriers
19 complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public
20 accommodation, and continues to create continuous and repeated exposure to substantially the
21 same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1      26.    Plaintiff CRAIG YATES was denied his rights to equal access to a public facility

2 by defendants SWENSEN'S OF SAN FRANCISCO, INC., a California Corporation dba

3 SWENSEN'S; MARTY E. CHUNG; BETTY S. CHUNG; ROBERT K. ONG; and CLAIRE A.

4 ONG, because defendants SWENSEN'S OF SAN FRANCISCO, INC., a California Corporation

5 dba SWENSEN'S; MARTY E. CHUNG; BETTY S. CHUNG; ROBERT K. ONG; and CLAIRE

6 A. ONG maintained a ice cream parlor without access for persons with physical disabilities to its

7 facilities, including but not limited to the entrance and other public areas as stated herein, and

8 continue to the date of filing this complaint to deny equal access to plaintiff and other persons

9 with physical disabilities in these and other ways.

10      27.    On information and belief, construction alterations carried out by defendants have

11 also triggered access requirements under both California law and the Americans with Disabilities

12 Act of 1990.

13      28.    Plaintiff, as described hereinbelow, seeks injunctive relief to require the

14 SWENSEN'S to be made accessible to meet the requirements of both California law and the

15 Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants

16 operate the SWENSEN'S as a public facility.

17      29.    Plaintiff seeks damages for violation of their civil rights on May 5, 2009, May 27,

18 2009 and July 24, 2009 and seeks statutory damages of not less than $4,000, pursuant to Civil

19 Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that

20 the trier of fact (court/jury) determines was the date that some or all remedial work should have

21 been completed under the standard that the landlord and tenant had an ongoing duty to identify

22 and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff

23 CRAIG YATES from returning to the subject public accommodation because of his knowledge

24 and/or belief that neither some or all architectural barriers had been removed and that said

25 premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

26      30.    On information and belief, defendants have been negligent in their affirmative duty

27 to identify the architectural barriers complained of herein and negligent in the removal of some or

28 all of said barriers.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    31.    Because of defendants' violations, plaintiff and other persons with physical
2 disabilities are unable to use public facilities such as those owned and operated by defendants on a
3 "full and equal" basis unless such facility is in compliance with the provisions of the Americans
4 with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
5 other accessibility law as plead herein. Plaintiff seeks an order from this court compelling
6 defendants to make the SWENSEN'S accessible to persons with disabilities.

7    32.    On information and belief, defendants have intentionally undertaken to modify and
8 alter existing building(s), and have failed to make them comply with accessibility requirements
9 under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each
10 of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit
11 and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried
12 out by defendants, and each of them, with a willful and conscious disregard for the rights and
13 safety of plaintiff and other similarly situated persons, and justify a trebling of damages as
14 provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of
15 defendants, and each of them, to other operators and landlords of other ice cream parlors,
16 doughnut shots, coffee shops and other public facilities, and to punish defendants and to carry out
17 the purposes of the Civil Code §§ 51, 51.5 and 54.

18    33.    Plaintiff is informed and believes and therefore alleges that defendants
19 SWENSEN'S OF SAN FRANCISCO, INC., a California Corporation dba SWENSEN'S;
20 MARTY E. CHUNG; BETTY S. CHUNG; ROBERT K. ONG; and CLAIRE A. ONG, and each
21 of them, caused the subject building(s) which constitute the SWENSEN'S to be constructed,
22 altered and maintained in such a manner that persons with physical disabilities were denied full
23 and equal access to, within and throughout said building(s) of the ice cream parlor and were
24 denied full and equal use of said public facilities.

25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

1 Furthermore, on information and belief, defendants have continued to maintain and operate said
2 parlor and/or its building(s) in such conditions up to the present time, despite actual and
3 constructive notice to such defendants that the configuration of SWENSEN'S and/or its
4 building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff
5 CRAIG YATES, and other members of the disability community. Such construction,
6 modification, ownership, operation, maintenance and practices of such public facilities are in
7 violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42
8 U.S.C. §12101, *et seq.*

9      34.    On personal knowledge, information and belief, the basis of defendants' actual and
10 constructive notice that the physical configuration of the facilities including, but not limited to,
11 architectural barriers constituting the SWENSEN'S and/or building(s) was in violation of the civil
12 rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to,
13 communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other ice
14 cream parlors, fast food service establishments, restaurants, hotels, motels and businesses, notices
15 they obtained from governmental agencies upon modification, improvement, or substantial repair
16 of the subject premises and other properties owned by these defendants, newspaper articles and
17 trade publications regarding the Americans with Disabilities Act of 1990 and other access laws,
18 public service announcements by former U.S. Attorney General Janet Reno between 1993 and
19 2000, and other similar information. Defendants' failure, under state and federal law, to make the
20 SWENSEN'S accessible is further evidence of defendants' conscious disregard for the rights of
21 plaintiff and other similarly situated persons with disabilities. Despite being informed of such
22 effect on plaintiff and other persons with physical disabilities due to the lack of accessible
23 facilities, defendants, and each of them, knowingly and willfully refused to take any steps to
24 rectify the situation and to provide full and equal access for plaintiff and other persons with
25 physical disabilities to the SWENSEN'S. Said defendants, and each of them, have continued such
26 practices, in conscious disregard for the rights of plaintiff and other persons with physical
27 disabilities, up to the date of filing of this complaint, and continuing thereon.
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

1 Defendants had further actual knowledge of the architectural barriers referred to herein by virtue

2 of the demand letter addressed to the defendants and served concurrently with the summons and

3 complaint. Said conduct, with knowledge of the effect it was and is having on plaintiff and other

4 persons with physical disabilities, constitutes despicable conduct in conscious disregard of the

5 rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of

6 treble damages per Civil Code §§52 and 54.3.

7     35.    Plaintiff CRAIG YATES and the disability community, consisting of persons with

8 disabilities, would, could and will return to the subject public accommodation when it is made

9 accessible to persons with disabilities.

10 **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
**ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
11     **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
    (On behalf of Plaintiff CRAIG YATES , an individual and Against Defendants
12     SWENSEN'S OF SAN FRANCISCO, INC., a California Corporation dba SWENSEN'S;
    MARTY E. CHUNG; BETTY S. CHUNG; ROBERT K. ONG; and CLAIRE A. ONG,
13     inclusive)
    (42 U.S.C. §12101, *et seq.*)

14     36.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

15 the allegations contained in paragraphs 1 through 35 of this complaint.

16     37.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

17 §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

18 protect:

19
20     some 43 million Americans with one or more physical or mental
    disabilities; [that] historically society has tended to isolate and
    segregate individuals with disabilities; [that] such forms of
21     discrimination against individuals with disabilities continue to be a
    serious and pervasive social problem; [that] the nation's proper
22     goals regarding individuals with disabilities are to assure equality of
    opportunity, full participation, independent living and economic
23     self-sufficiency for such individuals; [and that] the continuing
    existence of unfair and unnecessary discrimination and prejudice
24     denies people with disabilities the opportunity to compete on an
    equal basis and to pursue those opportunities for which our free
25     society is justifiably famous.

26 ///

27 ///

28 ///

1     38.    Congress stated as its purpose in passing the Americans with Disabilities Act of

2  1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive
> national mandate for the elimination of discrimination against
> individuals with disabilities; (2) to provide clear, strong, consistent,
> enforceable standards addressing discrimination against individuals
> with disabilities; (3) to ensure that the Federal government plays a
> central role in enforcing the standards established in this act on
> behalf of individuals with disabilities; and (4) to invoke the sweep
> of Congressional authority, including the power to enforce the 14th
> Amendment and to regulate commerce, in order to address the
> major areas of discrimination faced day to day by people with
> disabilities.

9     39.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

10 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

11 Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

12 accommodations identified for purposes of this title was:

> (7)    PUBLIC ACCOMMODATION - The following private
> entities are considered public accommodations for purposes of this
> title, if the operations of such entities affect commerce -
> ---
>     (B) a restaurant, bar or other establishment serving food or
> drink

17     42 U.S.C. §12181(7)(B)

18     40.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

19 on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

20 privileges, advantages, or accommodations of any place of public accommodation by any person

21 who owns, leases, or leases to, or operates a place of public accommodation."

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13

1    41.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

2  42 U.S.C. §12182(b)(2)(a) are:

3              (I)    the imposition or application of eligibility criteria
       that screen out or tend to screen out an individual with a disability
4      or any class of individuals with disabilities from fully and equally
       enjoying any goods, services, facilities, privileges, advantages, or
5      accommodations, unless such criteria can be shown to be necessary
       for the provision of the goods, services, facilities, privileges,
6      advantages, or accommodations being offered;

7              (ii)    a failure to make reasonable modifications in
       policies, practices, or procedures, when such modifications are
8      necessary to afford such goods, services, facilities, privileges,
       advantages or accommodations to individuals with disabilities,
9      unless the entity can demonstrate that making such modifications
       would fundamentally alter the nature of such goods, services,
10     facilities, privileges, advantages, or accommodations;

11             (iii)    a failure to take such steps as may be necessary to
       ensure that no individual with a disability is excluded, denied
12     services, segregated or otherwise treated differently than other
       individuals because of the absence of auxiliary aids and services,
13     unless the entity can demonstrate that taking such steps would
       fundamentally alter the nature of the good, service, facility,
14     privilege, advantage, or accommodation being offered or would
       result in an undue burden;

15
               (iv)    a failure to remove architectural barriers, and
16     communication barriers that are structural in nature, in existing
       facilities . . . where such removal is readily achievable; and
17
               (v)    where an entity can demonstrate that the removal of
18     a barrier under clause (iv) is not readily achievable, a failure to
       make such goods, services, facilities, privileges, advantages or
19     accommodations available through alternative methods if such
       methods are readily achievable.
20

21  The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public

22  Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

23  January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

24  §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    42.    The removal of the barriers complained of by plaintiff as hereinabove alleged was
2  at all times after January 26, 1992 "readily achievable" as to the subject building(s) of
3  SWENSEN'S pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the
4  removal of all the barriers complained of herein together was not "readily achievable," the
5  removal of each individual barrier complained of herein was "readily achievable." On
6  information and belief, defendants' failure to remove said barriers was likewise due to
7  discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182
8  (b)(2)(A)(i)and (ii).

9    43.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily
10 accomplishable and able to be carried out without much difficulty or expense." The statute
11 defines relative "expense" in part in relation to the total financial resources of the entities
12 involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that
13 plaintiff complains of herein were and are "readily achievable" by the defendants under the
14 standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was
15 not "readily achievable" for defendants to remove each of such barriers, defendants have failed to
16 make the required services available through alternative methods which were readily achievable.

17    44.    On information and belief, construction work on, and modifications of, the subject
18 building(s) of SWENSEN'S occurred after the compliance date for the Americans with
19 Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of
20 the ADA.

21    45.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*
22 *seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
23 Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis
24 of disability in violation of this title or have reasonable grounds for believing that plaintiff is about
25 to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or
26 making use of the public facilities complained of herein so long as the premises and defendants'
27 policies bar full and equal use by persons with physical disabilities.

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1     46.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

2  disability to engage in a futile gesture if such person has actual notice that a person or

3  organization covered by this title does not intend to comply with its provisions." Pursuant to this

4  section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about

5  July 24, 2009, but on information and belief, alleges that defendants have continued to violate the

6  law and deny the rights of plaintiff and of other persons with physical disabilities to access this

7  public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of

8  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

9  facilities readily accessible to and usable by individuals with disabilities to the extent required by

10  this title."

11     47.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

12  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

13  the Americans with Disabilities Act of 1990, including but not limited to an order granting

14  injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being

15  deemed to be the prevailing party.

16  **II.**    **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS**
**IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**

17      (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants
SWENSEN'S OF SAN FRANCISCO, INC., a California Corporation dba SWENSEN'S;

18      MARTY E. CHUNG; BETTY S. CHUNG; ROBERT K. ONG; and CLAIRE A. ONG,
inclusive)

19      (California Civil Code §§54, 54.1, 54.3, *et seq.)*

20     48.    Plaintiff repleads and incorporates by reference as if fully set forth again herein, the

21  allegations contained in paragraphs 1 through 47 of this complaint.

22     49.    At all times relevant to this action, California Civil Code §54 has provided that

23  persons with physical disabilities are not to be discriminated against because of physical handicap

24  or disability. This section provides that:

25              (a) Individuals with disabilities . . . have the same rights as
the general public to full and free use of the streets, highways,

26              sidewalks, walkways, public buildings, medical facilities, including
hospitals, clinics, and physicians' offices, and other public places.

27  ///

28  ///

50.     California Civil Code §54.1 provides that persons with disabilities shall not be

denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full
> and equal access, as other members of the general public, to
> accommodations, advantages, facilities, medical facilities, including
> hospitals, clinics, and physicians' offices, and privileges of all
> common carriers, airplanes, motor vehicles, railroad trains,
> motorbuses, streetcars, boats, or any other public conveyances or
> modes of transportation (whether private, public, franchised,
> licensed, contracted, or otherwise provided), telephone facilities,
> adoption agencies, private schools, hotels, lodging places, places of
> public accommodation, amusement or resort, and other places to
> which the general public is invited, subject only to the conditions
> and limitations established by law, or state or federal regulation, and
> applicable alike to all persons.

Civil Code §54.1(a)(1)

51.     California Civil Code §54.1 further provides that a violation of the Americans with

Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the
> Americans with Disabilities Act of 1990 (Public Law 101-336) also
> constitutes a violation of this section, and nothing in this section
> shall be construed to limit the access of any person in violation of
> that act.

Civil Code §54.1(d)

52.     Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

whose rights have been infringed upon and violated by the defendants, and each of them, as

prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants

knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to

defendants' SWENSEN'S.

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17

1 As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury determination, in

2 accordance with California Civil Code §54.3(a) for each day on which he visited or have been

3 deterred from visiting the ice cream parlor because of their knowledge and belief that the parlor is

4 inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

5          Any person or persons, firm or corporation, who denies or interferes
           with admittance to or enjoyment of the public facilities as specified
6          in Sections 54 and 54.1 or otherwise interferes with the rights of an
           individual with a disability under Sections 54, 54.1 and 54.2 is
7          liable for each offense for the actual damages and any amount as
           may be determined by a jury, or the court sitting without a jury, up
8          to a maximum of three times the amount of actual damages but in
           no case less than . . .one thousand dollars ($1,000) and . . .
9          attorney's fees as may be determined by the court in addition
           thereto, suffered by any person denied any of the rights provided in
10         Sections 54, 54.1 and 54.2.

11         Civil Code §54.3(a)

12    53.    On or about May 5, 2009, May 27, 2009 and July 24, 2009, plaintiff CRAIG

13 YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG YATES was

14 denied access to the entrance and other public facilities as stated herein at the SWENSEN'S and

15 on the basis that plaintiff CRAIG YATES was a person with physical disabilities.

16    54.    As a result of the denial of equal access to defendants' facilities due to the acts and

17 omissions of defendants, and each of them, in owning, operating and maintaining these subject

18 public facilities, plaintiff suffered violations of plaintiff's civil rights.

19    55.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental

20 anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment

21 and worry, all of which are expectedly and naturally associated with a denial of access to a person

22 with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and

23 omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a

24 person or an entity that represents persons with physical disabilities and unable, because of the

25 architectural barriers created and maintained by the defendants in violation of the subject laws, to

26 use the public facilities hereinabove described on a full and equal basis as other persons.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1    56.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and
2 seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights
3 as a person or an entity that represents persons with physical disabilities on or about May 5, 2009,
4 May 27, 2009 and July 24, 2009, and on a continuing basis since then, including statutory
5 damages, a trebling of all of actual damages, general and special damages available pursuant to
6 §54.3 of the Civil Code according to proof.

7    57.    As a result of defendants', and each of their, acts and omissions in this regard,
8 plaintiff has been required to incur legal expenses and hire attorneys in order to enforce
9 plaintiff's rights and enforce the provisions of the law protecting access for persons with physical
10 disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
11 the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all
12 reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,
13 plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to
14 compel the defendants to make their facilities accessible to all members of the public with
15 disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to
16 the provisions of §1021.5 of the Code of Civil Procedure.

17 **III.   THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
         FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
18      (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants
         SWENSEN'S OF SAN FRANCISCO, INC., a California Corporation dba SWENSEN'S;
19      MARTY E. CHUNG; BETTY S. CHUNG; ROBERT K. ONG; and CLAIRE A. ONG,
         inclusive)
20      (Health & Safety Code §19955, *et seq.*)

21    58.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,
22 the allegations contained in paragraphs 1 through 57 of this complaint.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

1    59.    Health & Safety Code §19955 provides in pertinent part:

2           The purpose of this part is to insure that public accommodations or
            facilities constructed in this state with private funds adhere to the
3           provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
            of Title 1 of the Government Code. For the purposes of this part
4           "public accommodation or facilities" means a building, structure,
            facility, complex, or improved area which is used by the general
5           public and shall include auditoriums, hospitals, theaters, restaurants,
            hotels, motels, stadiums, and convention centers. When sanitary
6           facilities are made available for the public, clients or employees in
            such accommodations or facilities, they shall be made available for
7           the handicapped.

8    60.    Health & Safety Code §19956, which appears in the same chapter as §19955,

9    provides in pertinent part, "accommodations constructed in this state shall conform to the

10   provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

11   Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

12   public accommodations constructed or altered after that date. On information and belief, portions

13   of the SWENSEN'S and/or of the building(s) were constructed and/or altered after July 1, 1970,

14   and substantial portions of the ice cream parlor and/or the building(s) had alterations, structural

15   repairs, and/or additions made to such public accommodations after July 1, 1970, thereby

16   requiring said ice cream parlor and/or building to be subject to the requirements of Part 5.5,

17   §19955, et seq., of the Health & Safety Code upon such alteration, structural repairs or additions

18   per Health & Safety Code §19959.

19   61.    Pursuant to the authority delegated by Government Code §4450, et seq, the State

20   Architect promulgated regulations for the enforcement of these provisions. Effective July 1,

21   1982, Title 24 of the California Building Standards Code adopted the California State Architect's

22   Regulations and these regulations must be complied with as to any alterations and/or

23   modifications of the subject ice cream parlor and/or the building(s) occurring after that date.

24   Construction changes occurring prior to this date but after July 1, 1970 triggered access

25   requirements pursuant to the "ASA" requirements, the American Standards Association

26   Specifications, A117.1-1961. On information and belief, at the time of the construction and

27   modification of said building, all buildings and facilities covered were required to conform to

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 | each of the standards and specifications described in the American Standards Association
2 | Specifications and/or those contained in Title 24 of the California Building Standards Code.

3 |     62.    Ice Cream Parlors such as the SWENSEN'S are "public accommodations or
4 | facilities" within the meaning of Health & Safety Code §19955, *et seq*.

5 |     63.    As a result of the actions and failure to act of defendants, and as a result of the
6 | failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied
7 | plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil
8 | rights and plaintiff's rights as a person with physical disabilities to full and equal access to public
9 | facilities.

10 |     64.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,
11 | plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's
12 | civil rights and enforce provisions of the law protecting access for the persons with physical
13 | disabilities and prohibiting discrimination against the persons with physical disabilities, and to
14 | take such action both in plaintiff's own interests and in order to enforce an important right
15 | affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all
16 | reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure
17 | §1021.5. Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953
18 | and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and
19 | litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).
20 | Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

21 |     65.    Plaintiff seeks injunctive relief for an order compelling defendants, and each of
22 | them, to make the subject place of public accommodation readily accessible to and usable by
23 | persons with disabilities.

24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

21

1 **IV. FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
2 **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51,** *ET SEO.* **(THE UNRUH CIVIL RIGHTS ACT)**
3 (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants SWENSEN'S OF SAN FRANCISCO, INC., a California Corporation dba SWENSEN'S;
4 MARTY E. CHUNG; BETTY S. CHUNG; ROBERT K. ONG; and CLAIRE A. ONG, inclusive)
5 (Civil Code §51, 51.5)

6      66.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

7 the allegations contained in paragraphs 1 through 65 of this complaint.

8      67.     Defendants' actions and omissions and failure to act as a reasonable and prudent

9 public accommodation in identifying, removing and/or creating architectural barriers, policies,

10 practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

11 Unruh Act provides:

12           This section shall be known, and may be cited, as the Unruh Civil Rights Act.
13
             All persons within the jurisdiction of this state are free and
14           equal, and no matter what their sex, race, color, religion, ancestry,
             national origin, or **disability** are entitled to the full and equal
15           accommodations, advantages, facilities, privileges, or services in all
             business establishments of every kind whatsoever.
16
             This section shall not be construed to confer any right or
17           privilege on a person that is conditioned or limited by law or that is
             applicable alike to persons of every sex, color, race, religion,
18           ancestry, national origin, or **disability.**

19           Nothing in this section shall be construed to require any
             construction, alteration, repair, structural or otherwise, or
20           modification of any sort whatsoever, beyond that construction,
             alteration, repair, or modification that is otherwise required by other
21           provisions of law, to any new or existing establishment, facility,
             building, improvement, or any other structure . . . nor shall anything
22           in this section be construed to augment, restrict, or alter in any way
             the authority of the State Architect to require construction,
23           alteration, repair, or modifications that the State Architect otherwise
             possesses pursuant to other . . . laws.
24
             A violation of the right of any individual under the
25           Americans with Disabilities Act of 1990 (Public Law 101-336) shall
             also constitute a violation of this section.
26
   As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the
27
   "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the
28

1   failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

2   failing to act to identify and remove barriers can be construed as a "negligent per se" act of

3   defendants, and each of them.

4         68.     The acts and omissions of defendants stated herein are discriminatory in nature and

5   in violation of Civil Code §51.5:

6              No business establishment of any kind whatsoever shall
discriminate against, boycott or blacklist, refuse to buy from, sell to,
7          or trade with any person in this state because of the race, creed,
religion, color, national origin, sex, or **disability** of the person or of
8          the person's partners, members, stockholders, directors, officers,
managers, superintendents, agents, employees, business associates,
9          suppliers, or customers.

10            As used in this section, "person" includes any person, firm
association, organization, partnership, business trust, corporation,
11          limited liability company, or company.

12            Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or
13          modification of any sort whatsoever, beyond that construction,
alteration, repair or modification that is otherwise required by other
14          provisions of law, to any new or existing establishment, facility,
building, improvement, or any other structure . . . nor shall anything
15          in this section be construed to augment, restrict or alter in any way
the authority of the State Architect to require construction,
16          alteration, repair, or modifications that the State Architect otherwise
possesses pursuant to other laws.
17

18         69.     Defendants' acts and omissions as specified have denied to the plaintiff full and

19   equal accommodations, advantages, facilities, privileges and services in a business establishment,

20   on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

21   Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

22   violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

23   Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates

24   the entirety of his above cause of action for violation of the Americans with Disabilities Act at

25   §36, *et seq*., as if repled herein.

26         70.     As a further legal result of the actions and failure to act of defendants, and as a

27   legal result of the failure to provide proper handicapped-accessible public facilities as set forth

28   herein, plaintiff was denied his civil rights to full and equal access to public facilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1     71.    Further, plaintiff CRAIG YATES suffered mental distress, mental

2 suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,

3 disappointment and worry, all of which are expectedly and naturally associated with a denial of

4 access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

5 Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole

6 basis that plaintiff is a person or an entity that represents persons with physical disabilities and

7 unable, because of the architectural barriers created and maintained by the defendants in violation

8 of the subject laws, to use the public facilities hereinabove described on a full and equal basis as

9 other persons.

10     72.    Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)

11 of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to

12 mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is

13 allowed by statute, according to proof if deemed to be the prevailing party.

14 **PRAYER:**

15     Plaintiff prays that this court award damages and provide relief as follows:

16 **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
17 **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants
18 SWENSEN'S OF SAN FRANCISCO, INC., a California Corporation dba SWENSEN'S; MARTY E. CHUNG; BETTY S. CHUNG; ROBERT K. ONG; and CLAIRE A. ONG,
19 inclusive)
(42 U.S.C. §12101, *et seq.*)

20

21     1.    For injunctive relief, compelling defendants SWENSEN'S OF SAN FRANCISCO,

INC., a California Corporation dba SWENSEN'S; MARTY E. CHUNG; BETTY S. CHUNG;

22 ROBERT K. ONG; and CLAIRE A. ONG, inclusive, to make the SWENSEN'S, located at 1999

23 Hyde Street, San Francisco, California, readily accessible to and usable by individuals with

24 disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies,

25 practice, eligibility criteria and procedures so as to afford full access to the goods, services,

26 facilities, privileges, advantages and accommodations being offered.

27 ///

28

1      2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

2 the prevailing party; and

3      3.     For such other and further relief as the court may deem proper.

4 **II.**    **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**
      **EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
5       **AND 54.3, *ET SEQ.***
      (On Behalf of Plaintiff CRAIG YATES, an individual and Against
6       Defendants SWENSEN'S OF SAN FRANCISCO, INC., a California Corporation dba
      SWENSEN'S; MARTY E. CHUNG; BETTY S. CHUNG; ROBERT K. ONG; and
7       CLAIRE A. ONG, inclusive)
      (California Civil Code §§54, 54.1, 54.3, *et seq.*)

8
     1.     For injunctive relief, compelling defendants SWENSEN'S OF SAN FRANCISCO,
9
INC., a California Corporation dba SWENSEN'S; MARTY E. CHUNG; BETTY S. CHUNG;
10
ROBERT K. ONG; and CLAIRE A. ONG, inclusive, to make the SWENSEN'S, located at 1999
11
Hyde Street, San Francisco, California, readily accessible to and usable by individuals with
12
disabilities, per state law.
13
     2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for
14
each occasion on which plaintiff was deterred from returning to the subject public
15
accommodation.
16
     3.     Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,
17
if plaintiffs are deemed the prevailing party;
18
     4.     Treble damages pursuant to Civil Code §54.3;
19
     5.     General damages according to proof;
20
     6.     For all costs of suit;
21
     7.     Prejudgment interest pursuant to Civil Code §3291; and
22
     8.     Such other and further relief as the court may deem just and proper.
23

24

25

26

27

28

**III. PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEO.***
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants SWENSEN'S OF SAN FRANCISCO, INC., a California Corporation dba SWENSEN'S; MARTY E. CHUNG; BETTY S. CHUNG; ROBERT K. ONG; and CLAIRE A. ONG, inclusive)
(Health & Safety code §19955, *et seq.*)

1. For injunctive relief, compelling defendants SWENSEN'S OF SAN FRANCISCO, INC., a California Corporation dba SWENSEN'S; MARTY E. CHUNG; BETTY S. CHUNG; ROBERT K. ONG; and CLAIRE A. ONG, inclusive, to make the SWENSEN'S, located at 1999 Hyde Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2. For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

3. For all costs of suit;

4. For prejudgment interest pursuant to Civil Code §3291;

5. Such other and further relief as the court may deem just and proper.

**IV. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EOUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants SWENSEN'S OF SAN FRANCISCO, INC., a California Corporation dba SWENSEN'S; MARTY E. CHUNG; BETTY S. CHUNG; ROBERT K. ONG; and CLAIRE A. ONG, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1. All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

2. Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

3. General damages according to proof;

4. Treble damages pursuant to Civil Code §52(a);

5. For all costs of suit;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26

1    6.    Prejudgment interest pursuant to Civil Code §3291; and

2    7.    Such other and further relief as the court may deem just and proper.

3

4  Dated: _____, 2009        THOMAS E. FRANKOVICH,
                                *A PROFESSIONAL LAW CORPORATION*
5

6
                    By: _____
7
                                THOMAS E. FRANKOVICH
8                               Attorneys for Plaintiff CRAIG YATES, an individual

9

10                          **DEMAND FOR JURY TRIAL**

11       Plaintiff hereby demands a jury for all claims for which a jury is permitted.

12

13  Dated: _____, 2009        THOMAS E. FRANKOVICH,
                                *A PROFESSIONAL LAW CORPORATION*
14

15
                    By: _____
16
                                THOMAS E. FRANKOVICH
17                              Attorneys for Plaintiff CRAIG YATES, an individual

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

Recycled   Stock # R DOA-10-B

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

May 29, 2009

Manager of Swensen's Ice Cream Parlor
1999 Hyde Street
San Francisco, CA 94109

Dear Manager
        Hello,

                I'm Craig Yates and I use a wheelchair to get around. I've been to Swensen's a couple of times. You know that someone in a wheelchair can't get in because of the 3" - 4" high landing. But, I think there is a very simple solution for service. Instead of having to yell to get someone's attention why not put a buzzer with a wheelchair symbol on it to get service. Then put a sign in the left window (as you face from Swensen's on Union Street) that's big and says "For Ramp and Assistance press button".

        Now, I said ramp. You can get a nice 4 foot portable ramp from Prairie Industries for less than $200. Pretty reasonably priced wouldn't you say? There phone number is 800-554-7267.

        I also told Kelly the second time I was there, to mention a ramp to the owner. She said she would pass it along to the owner.

        I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

        There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. The Swensen's Ice Cream Parlor is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

        Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Swensen's once it's accessible to me. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

        It takes a little time to be able to get helpful information, so I found out who might be

able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely

*Craig Yates*

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

May 29, 2009

Owner of Building for Swensen's Ice Cream Parlor
1999 Hyde Street
San Francisco, CA 94109

Dear Owner of Building for Swensen's Ice Cream Parlor:

Hello,

I'm Craig Yates and I use a wheelchair to get around. I've been to Swensen's a couple of times. You know that someone in a wheelchair can't get in because of the 3" - 4" high landing. But, I think there is a very simple solution for service. Instead of having to yell to get someone's attention why not put a buzzer with a wheelchair symbol on it to get service. Then put a sign in the left window (as you face from Swensen's on Union Street) that's big and says "For Ramp and Assistance press button".

Now, I said ramp. You can get a nice 4 foot portable ramp from Prairie Industries for less than $200. Pretty reasonably priced wouldn't you say? There phone number is 800-554-7267.

I also told Kelly the second time I was there, to mention a ramp to the owner. She said she would pass it along to the owner.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. The Swensen's Ice Cream Parlor is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Swensen's once it's accessible to me. I may still come back before you do the work just because. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates